UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BUDDY RICHARDSON,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, CAPTAIN CHRISTOPHER J.
MCCORMACK COMMAND MANHATTAN NORTH IRT,
N.Y.P.D POLICE OFFICERS JOHN DOE "1-5",
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,

                              Defendant,

------------------------------------------------------------X

FILED

APR - 5 2011

USDC WP SDNY

COMPLAINT

**JURY DEMAND** JUDGE SWEET

'11 CIV 02320

Plaintiff Buddy Richardson, by and through his attorney, WILLIAM T. MARTIN, Esq.,

complaining of the defendants herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.  This is an action to recover money damages arising out of defendants' violation of
    plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, 1985,1986, and
    1988, and of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth
    Amendments to the United States Constitution, and the laws of the State of New York.
    plaintiff Buddy Richardson is an African- American male. Plaintiff is a United States
    citizen. Plaintiff was deprived of his constitutional and common law rights when
    defendant(s) Captain Christopher McCormack and JD "1-5" (hereinafter referred to as
    the "individual police officer defendants"), falsely accused plaintiff of crimes that he did
    not commit, assaulting him and causing plaintiff to lose his liberty and inflicting
    psychological and physical injuries.

1

## JURISDICTION

2. This action is brought pursuant to the Civil Rights Act; 42 U.S.C. § 1983, 1985, 1986, and 1988, and the rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343 and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action, which derived from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and cause of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff Buddy Richardson, (hereinafter Richardson) is a resident of Bronx County, in the City and State of New York.

6. At all times relevant herein, defendant Captain Christopher J. McCormack (hereinafter McCormack) was a police officer of N.Y.P.D. At all times relevant herein, he was acting in the capacity of agent, servant and employee of The New York City Police Department and defendant City.

7. At all times relevant herein, defendant Police Officers JD "1-5" were police officers of N.Y.P.D. At all times relevant herein, they were acting in the capacity of agent, servant and employee of N.Y.P.D and defendant City.

8. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE "1" – "5" (hereinafter "JD"1-5") were police officers of N.Y.P.D. At all times relevant herein, they were acting in the capacity of agents, servants and employees of N.Y.P.D and defendant City.

9. N.Y.P.D (hereinafter NYPD) is a law enforcement agency organized, pursuant to the laws of the State and City of New York with the enforcement of the laws of the defendant City and Stated of New York, and operating a police force.

10. Defendant CITY is a municipality created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which is an agency thereof and in part acts as its agent in the area of law enforcement through N.Y.P.D.

## STATEMENT OF FACTS

11. On or about August 20, 2009 at approximately midnight on corner of 111st. and Madison Avenue, in New York County in the defendant City and State of New York, plaintiff Buddy Richardson (hereinafter Richardson) was standing in front of a bodega when defendant CAPTAIN Christopher J. McCormack (hereinafter McCormack) and JD "1-5" (hereinafter JD "1-5").

12. Upon information and belief the defendant McCormack alleged that he observed Richardson exchange a pack of cigarettes for U.S. currency, with a black male who was actually Richardson's brother.

3

13. Plaintiff Richardson indicated to defendant police officer's that he had done nothing
    wrong, when defendant McCormack stopped him and began to inquire.

14. Plaintiff Richardson turned to walk away and McCormack grabbed him, tearing his shirt
    and him and another police officer threw him to the ground.

15. Plaintiff Richardson was thrown to the ground, handcuffed and arrested without being
    told what he was being charged with by the defendant police officers without probable
    cause; and during this incident his gym shorts were pulled down exposing his genitalia.

16. Plaintiff Richardson was dragged into the street, and handcuffed and made to lie in the
    street with his genitalia exposed.

17. As a result of the defendants' conduct, Richardson suffered numerous bruises, violation
    of his due process rights and other constitutional rights guaranteed by the State and
    Federal constitutions, extreme emotional, mental and psychological anguish, including
    but not limited to loss of appetite, loss of sleep, depression, humiliation, anxiety,
    irritability, nervousness, discomfort and impairment of enjoyment of life, performance of
    daily activities and loss of benefits and/or wages.

18. The above-mentioned acts of the defendants' were all conducted in violation of plaintiff's
    constitutional rights and were perpetrated by the defendants under color of law. Plaintiff
    alleges that individual defendants' employees' of N.Y.P.D and defendant City are liable
    for the false arrest of plaintiff due to the failure to hire rational, intelligent, and competent
    employees and to afford them adequate training.

19. The above-mentioned acts were all conducted in violation of plaintiff's constitutional
    rights and were perpetrated by the defendants' under color of law. The individual
    defendants and defendant City have tolerated and permitted a pattern of illegal actions
    against citizens, and have failed to maintain an unbiased system for review and discipline

4

of these types of violations by police officers, and as a result, an atmosphere of indifference to said constitutional violations by New York City police officers has been countenanced and fostered the belief by New York City police officers that they can violate the rights of African- American males and or minority citizens, like plaintiff Richardson without meaningful consequences and impunity.

20. Further, Richardson did not commit a criminal act, and was falsely arrested.

21. The New York County District Attorney dismissed all charges against Richardson on or about March 25 2010.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Federal Constitutional Rights

22. Plaintiff Richardson repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "20" with the same force and effect as if more fully set forth at length herein.

23. The individual police defendants' committed assault and battery and falsely arrested plaintiff while using excessive physical force that was unlawful, an abuse of power, unreasonable and without probable cause all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §1983 and in addition they falsified a criminal complaint against Richardson.

24. As a direct and proximate result of the above-mentioned unlawful and malicious acts committed by the individual police officer defendants, which were all committed under color of their authority as police officers, and while acting within that capacity, plaintiff suffered physical harm, deprivation of his liberty and emotional damage, all of which is in violation of his rights under the Constitution and laws of the United States, in

5

particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United

States Constitution and 42 U.S.C. § 1983, 1985, 1986 and 1988.

25. As a further result of the above-mentioned unlawful and malicious acts committed by the

individual police officer defendants, plaintiff was deprived of his rights and immunities

secured by the U.S. Constitution and laws of the State of New York including, but not

limited to, his rights to be secure in his home and person; to be free from unreasonable

search and seizure and punishment without due process, and to equal protection of the

laws.

26. By assaulting and battering plaintiff, and by subjecting him to an illegal arrest while

utilizing excessive physical force, the defendants directly violated the laws, rules and

regulations of N.Y.P.D, the laws of the defendant City and State of New York and the

United States.

27. That by reason of the forgoing, plaintiff suffered serious physical and emotional injuries

all to his damage in the sum of One Million Dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

28. Plaintiff Richardson repeats, reiterates and realleges each and every allegation contained

in paragraphs marked "1" through "26" with the same force and effect as if more fully set

forth at length herein.

29. Defendants, City and its employees, servants and/or agents acting within the scope of

their employment did negligently hire, retain, train and supervise the individual police

officer defendants who were unfit for the performance of police duties on January 17,

2009, and who also prepared and filed false accusatory documents to cover their illegal

conduct at the above mentioned location.

6

30. The failure of the defendant City and N.Y.P.D to hire, retain, train, supervise, discipline, discharge or in any other way adequately control the behavior of the individual police officer defendants in the exercise of their police functions, and their failure to enforce the laws of the State of New York and the regulations of N.Y.P.D is evidence of the reckless disregard for the rights of the public, including plaintiff, and exhibited a lack of guidance and direction which prudent and reasonable individuals would display in employing persons to work for the N.Y.P.D.

31. Further defendant City and N.Y.P.D countenance, condone, ratify and continue the employment of the police officer defendants even though they are made aware of the ultra various acts of said defendant police officers and such forbearance, without consequences, fosters an atmosphere of lawlessness and implicit acceptance of falsifying accounts of criminality against the citizenry with impunity.

32. Such conduct has been allowed to exist and has created a culture of lawlessness that is s carried out willfully, wantonly, maliciously and with reckless disregard for the rights of minorities in general and Richardson's constitutional rights, specifically.

33. That by reason of the forgoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

## THIRD CAUSE OF ACTION

### False Imprisonment

34. Plaintiff Richardson repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "32" with the same force and effect as if more fully set forth at length herein.

35. The above-mentioned acts and conduct committed by the defendants constituted false arrest without cause or justification and defendants violated plaintiffs' rights under the Constitution and laws of the State of New York.

36. The defendants created and filed false accusatory documents and intended to confine plaintiff and, in fact, confined plaintiff and plaintiff was conscious of such confinement and there was no legal basis and it was not otherwise privileged.

37. The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendant City and N.Y.P.D and were aware of the fact that it was a crime to prepare and lodge a false accusatory instrument.

38. Plaintiff Richardson was at all times material to this action lawfully on the street when he was accosted by defendant McCormack police officers JD. "1-5"and was peacefully enjoying his night to be free from unreasonable search and seizure.

39. That the defendant police officers forcibly attacked Richardson while he was in front of his friends and neighbors, and thereafter arrested him for attacking them.

40. That plaintiff Richardson was arrested and jailed and due to parole obligations he remained in detention until parole concluded defendant McCormack was incredible.

41. The district attorney dismissed the criminal the criminal charges against Richardson after conducting an investigation which consisted of interviewing which consisted of interviewing witnesses and reading McCormack's testimony before the Parole Board.

42. The case was dismissed by the New York District Attorney's office after a review of transcript of testimony before Parole Board by defendant McCormack on March 25, 2010.

43. That as a result of the forgoing plaintiff Richardson was deprived of his liberty and he was conscious of his imprisonment.

8

44. That by reason of the foregoing, plaintiff Richardson suffered damages in the sum of One Million Dollars ($1,000,000.00)

## FOURTH CAUSE OF ACTION

### False Arrest

45. Plaintiff Richardson repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "44" with the same force and effect as if more fully set forth at length herein.

46. That the aforesaid actions of the individual defendants constitute false arrest and/or imprisonment of plaintiff Richardson in violation of the Constitution and laws of the City and State of New York and United States of America.

47. That defendants McCormack and JD "1-5" recklessly, wrongfully, maliciously and without probable cause physically detained plaintiff Richardson, and placed him under arrest.

48. That as a result of the false arrest without probable cause plaintiff Richardson was incarcerated for an extended period approximately forty days, unjustly.

49. That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff has suffered general, pecuniary and compensatory damages in the sum of One Million Dollars.

## FIFTH CAUSE OF ACTION

### Malicious Protection

50. Plaintiff Richardson repeats, reiterates and realleges each and every allegation Contained in paragraphs marked "1" through "50" with the same force and effect as if more fully set forth at length herein.

9

51. That defendants McCormack and JD "1-5" brought charges against plaintiff Richardson that were false, which they knew or should have known to be false through the exercise of due diligence.

52. That plaintiff Richardson faced prosecution on said false allegations, brought by these individual defendants, whom they knew or should have known were false and was subjected to the revocation of his parole on the false testimony of defendant McCormack.

53. That the charges and prosecution of plaintiff Richardson was reckless, wanton, and malicious without any regard to the truth of the allegations

54. That the charges were dismissed on the merits by a Judge of the Supreme Court and upon the district attorney's, own application on March 25, 2010.

55. That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff has suffered general, pecuniary and compensatory damages.

56. That by reason of the forgoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

### SIXTH CAUSE OF ACTION

### AGAINST THE CITY OF NEW YORK

57. Plaintiff Richardson repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "57" with the same force and effect as if more fully set forth at length herein.

58. That as an employer of the individual defendants at the times of their negligent conduct as set forth herein, the defendant City, is liable to the plaintiff under the laws of the defendant City and State of New York, for allowing said defendants to act under color of law, and in violation of Richardson's constitutional rights, as members of the N.Y.P.D.

10

59. That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff has suffered general, pecuniary and compensatory damages.

60. That by reason of the forgoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

   **WHEREFORE**, Plaintiff Richardson requests judgment against individual defendants CAPTAIN Christopher J. McCormack, POLICE OFFICER JOHN DOE NUMBERS 1-5, and defendant CITY OF NEW YORK, as follows:

1.  As against the individual Defendants, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the causes of action herein,

2.  As against the individual Defendants, punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the causes of action herein, and

3.  As against Defendant CITY OF NEW YORK, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the Sixth Cause of action asserted against it, and

4.  Cost of this action,

5.  And such other and further relief as may deem to be just and proper.

Dated: Bronx, New York
       March 30, 2010

William T. Martin, Esq.
945 East 226th Street
Bronx, New York 10466
(347) 843-8655

Sir:

Please take notice that the within is a true copy of duly filed and entered in the office of the Clerk of _____ County, on the _____ day of _____, 2011.

Yours, etc.,

William T. Martin, Esq.
Attorney for _____
945 East 226th Street
Bronx, New York 10466
Office: (347) 843-8655
Fax: (347) 843-8656

To: _____, Esq.
Attorney for _____

---

Sir:

Please take notice that the within _____ will be presented for settlement and signature herein to the Hon. _____, one of the Judges of the within Court, at _____ in the Borough of _____, City of New York, on the _____ day _____, 2011 at _____ am/pm

Dated: _____, New York _____, 2011

Yours, etc.,

William T. Martin, Esq.
Attorney for _____
945 East 226th Street
Bronx, New York 10466

To: _____, Esq.
Attorney for _____

---

Index No:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

====================================================

BUDDY RICHARDSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, CAPTAIN CHRISTOPHER J. MCCORMACK, individually and in his official capacity, COMMAND MANHATTAN NORTH IRT, N.Y.P.D. POLICE OFFICERS JONE DOE "1-5", individually and in their official capacity,

Defendants.

====================================================

SUMMONS & COMPLAINT

William T. Martin, Esq.
Attorney for Plaintiff
945 East 226th Street
Bronx, New York 10466
Tel. : (347) 843-8655
Fax: (347) 843-8656